# No. 24-2510

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

NOVO NORDISK INC.;
NOVO NORDISK PHARMA, INC.,

*Appellants,*

v.

SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ADMINISTRATOR, CENTERS FOR MEDICARE & MEDICAID SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES.

———————

On Appeal from the United States District Court for the District of New Jersey, No. 3:23-cv-20814, Hon. Zahid N. Quraishi

———————

## APPELLANTS' POSITION ON CONSOLIDATION WITH APPEAL NO. 24-2968

———————

| | |
|---|---|
| Israel Dahan | Ashley C. Parrish |
| KING & SPALDING LLP | John D. Shakow |
| 1185 Avenue of the Americas | Amy R. Upshaw |
| 34th Floor | KING & SPALDING LLP |
| New York, NY 10036 | 1700 Pennsylvania Avenue NW |
| (212) 556-2100 | Suite 900 |
| | Washington, DC 20006 |
| | (202) 737-0500 |
| | aparrish@kslaw.com |

*Counsel for Appellants*

March 4, 2025

At the Court's invitation, appellants Novo Nordisk Inc. and Novo Nordisk Pharma Inc. (together, "Novo Nordisk") hereby respond to the Court's February 25, 2025 order, which consolidated this appeal with appeal No. 24-2968 for disposition purposes and directed that the two appeals be calendared for oral argument on the same day, April 8, 2025. Novo Nordisk hereby confirms for the Court that it has no objection to consolidating the appeals for disposition and having the cases calendared for argument on the same day before the same panel. Because the two appeals raise distinct legal challenges to the government's price-control scheme, however, Novo Nordisk respectfully requests that the appeals *not* be consolidated for argument. Novo Nordisk instead suggests that the two appeals be argued separately and, given the importance of the different issues involved, that the Court may wish to consider allotting 20 minutes of argument time to both sides in each appeal.

1.  Both this appeal (No. 24-2510), filed by Novo Nordisk, and the separate appeal (No. 24-2968), filed by Novartis Pharmaceuticals Corporation, involve challenges to the government's price-control scheme for certain prescription drug and biological products. But the arguments raised in the two appeals are largely focused on different issues.

2.      Novo Nordisk contends that the Centers for Medicare & Medicaid Services ("CMS") has violated at least two of the Inflation Reduction Act's express commands: (1) that the agency shall not impose price controls on more than "10 negotiation-eligible drugs" for 2026, 42 U.S.C. § 1320f-1(a), and (2) that the agency must implement its price control program through "guidance"—and without imposing binding, substantive rules—for the first three years (until 2029), 42 U.S.C. § 1320f note.  Novo Nordisk further contends that the statute, as applied by CMS, violates the Constitution's Due Process Clause, Separation of Powers, and the First Amendment because there are no procedures or standards to ensure that CMS acts reasonably and within constitutional bounds, and because the statute includes a compelled-speech requirement.  In contrast, Novartis does not raise any statutory arguments and instead contends that the IRA violates (1) the Eighth Amendment's Excessive Fines Clause, (2) the Fifth Amendment's Takings Clause, and (3) the First Amendment.  There is thus one overlapping issue (the First Amendment) that the two appeals share in common.

3.      On February 20, 2025, this Court scheduled oral argument in the Novo Nordisk appeal for April 8, 2025.  Dkt. 75.  On February 25,

2025, the Court scheduled oral argument in the Novartis appeal for the same day and consolidated the two appeals for disposition. Dkt. 76.

4. Because these appeals share the same statutory backdrop and one overlapping claim, Novo Nordisk appreciates the efficiency of scheduling arguments for the same day and confirms that it has no objection to consolidating the two appeals for disposition.

5. Because most of the legal claims differ between the two appeals, however, Novo Nordisk requests that argument not be consolidated. Novo Nordisk also respectfully suggests that the Court may wish to consider allotting 20 minutes of argument for each side in each appeal. Novo Nordisk anticipates that because the Court has already heard argument in other cases challenging the Inflation Reduction Act on grounds that it violates the First Amendment, Novo Nordisk will focus its arguments on the merits of its statutory claims. It will also address why the absence of any procedures or standards to ensure that the agency acts within the bounds of law—and the resulting lack of accountability—violates the Constitution's due process and separation-of-powers guarantees.

6. Novo Nordisk has conferred with counsel for Novartis and counsel for the government, who do not oppose the view that the appeals should not be consolidated for argument and that 20 minutes per side in each appeal would be appropriate.

Respectfully submitted,

/s/ Ashley C. Parrish

| | |
|---|---|
| Israel Dahan | Ashley C. Parrish |
| KING & SPALDING LLP | John D. Shakow |
| 1185 Avenue of the Americas | Amy R. Upshaw |
| 34th Floor | KING & SPALDING LLP |
| New York, NY 10036 | 1700 Pennsylvania Avenue NW |
| (212) 556-2100 | Suite 900 |
| idahan@kslaw.com | Washington, DC 20006 |
| | (202) 737-0500 |
| | aparrish@kslaw.com |
| | jshakow@kslaw.com |
| | aupshaw@kslaw.com |

*Counsel for Appellants*

March 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system, thereby serving all registered counsel of record.

*/s/Ashley C. Parrish*
Ashley C. Parrish

*Counsel for Appellants*
