**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Kevin King

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5488
kking@cov.com

By CM/ECF

April 9, 2025

Patricia S. Dodszuweit
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:  ***Janssen Pharmaceuticals, Inc. v. Secretary of Dept. of Health &
Human Services et al.***, No. 24-1821 (argued Oct. 30, 2024)

Dear Ms. Dodszuweit:

During oral argument in *Novo Nordisk Inc. v. Dept. of Health & Human Services*, No. 24-2510, the Government raised a new defense regarding the manufacturers' First Amendment claims. Specifically, counsel incorrectly asserted that the Program does not compel speech because the Manufacturer Agreements are not public.[1]

The text of the Agreement is publicly available on CMS's website.[2] CMS has also published a list of companies that signed the Agreement, and the President remarked that the Program brought the manufacturers to the negotiating table.[3] Thus, anyone can know not only which manufacturers engaged in the Program's performative "negotiation" process, but also what those manufacturers were compelled to do and say as part of that process—including the terms of the documents they signed. Manufacturers could disclaim those value-laden actions and statements (e.g., in private market negotiations) "only at the price of evident hypocrisy." *USAID v. Alliance for Open Soc'y*, 570 U.S. 205, 219 (2013).

Regardless, speech is no less subject to First Amendment protection when it is made only to the Government. Thus, in *NetChoice, LLC v. Bonta*, 113 F.4th 1101, 1117-18 (9th Cir. 2024), the

---

[1] *See* Oral Arg. Recording 39:55-42:00, https://www2.ca3.uscourts.gov/oralargument/audio/24-2510_NovoNordiskIncv.SecUSDeptHealthHumanServices.mp3 (Apr. 8, 2025).

[2] https://www.cms.gov/files/document/inflation-reduction-act-manufacturer-agreement-template.pdf.

[3] CMS, *Negotiated Prices for Initial Price Applicability Year 2026*, https://www.cms.gov/newsroom/fact-sheets/medicare-drug-price-negotiation-program-negotiated-prices-initial-price-applicability-year-2026 (Aug. 15, 2024); Janssen Opening Br. 44-45.

**COVINGTON**

April 9, 2025
Page 2

court rejected an argument similar to the one raised by the Government here—that statements were not protected because they were made in "confidential" materials rather than "public documents." "[N]o authority" supports that position, the court explained; "[o]n the contrary, the Supreme Court has recognized [that] the First Amendment may apply even when the compelled speech need only be disclosed to the government." *Id.* (citing *Americans for Prosperity Found. v. Bonta*, 594 U.S. 595, 616 (2021)).

Finally, the Government suggested in *Novo* that applying the First Amendment would flood the courts with contract-based claims.[4] The Supreme Court rejected that rationale in *O'Hare Truck Service, Inc. v. City of Northlake*, 518 U.S. 712, 724 (1996), finding "little reason to accept" the view that recognizing First Amendment protections for contractors would "lead to numerous lawsuits."

Sincerely,

*/s/ Kevin F. King*

Kevin F. King

*Counsel for Appellant*
*Janssen Pharmaceuticals,*
*Inc.*

cc:  counsel of record

---

[4] *See* Oral Arg. at 42:50-44:27.